IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

3:17-cv-461-GNS

DAGEN J. HUDSON     PLAINTIFF
110 Ladbroke Grove Road
Louisville, Kentucky 40245

v.

EQUIFAX INFORMATION SERVICES, LLC     DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                      421 W. Main St.
                      Frankfort, KY 40601
                      (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Dagen J. Hudson, and for his Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), states as follows:

### I. PRELIMINARY STATEMENT

1.    This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiff's disputes regarding an alleged Time Warner collections account.

### II. PARTIES

2.    Plaintiff, Dagen J. Hudson, is currently and was at all relevant times a citizen of the

Commonwealth of Kentucky residing at 110 Ladbroke Grove Road, Louisville, Kentucky 40245.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

7. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendant doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

8. In March 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, discovered a Time Warner collection account reporting on his Equifax credit report.

9. Plaintiff disputed Equifax's reporting of the alleged collection account immediately upon discovery of the tradeline on his Equifax credit report.

10. In April 2017, Plaintiff received Equifax's dispute results. Those results falsely indicated that the collection account was non-existent and/or was not reporting to Equifax. Specifically, Equifax's dispute results indicated that Equifax failed to investigate Account No.

6161****.

11. Equifax failed to investigate the collection account which is still reporting on Plaintiff's Equifax credit report.

12. Equifax's false reporting and its failure to investigate Plaintiff's dispute have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Equifax's failure to properly investigate Plaintiff's dispute.

## V. CLAIMS

### Negligence

13. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Equifax's failure to properly investigate Plaintiff's dispute and its consequent failure to remove the subject tradeline from Plaintiff's Equifax credit report, despite Plaintiff's lawful notice to Equifax disputing the subject tradeline, was negligent.

15. In failing to properly investigate Plaintiff's dispute of the alleged collection account, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiff.

16. Equifax's negligent failure to properly investigate Plaintiff's dispute of the subject tradeline and its consequent failure to remove the subject tradeline from Plaintiff's Equifax credit report or to amend Plaintiff's Equifax credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

17. Equifax's failure to properly investigate Plaintiff's dispute of the subject tradeline and its consequent failure to remove the subject tradeline from Plaintiff's Equifax credit report or

to amend Plaintiff's Equifax credit report, despite Plaintiff's lawful dispute to Equifax, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act

18. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

19. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's Equifax credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

20. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's Equifax credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are violations of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

21. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

22. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's Equifax credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed

items under 15 U.S.C. §1681i.

24. Equifax's failure to properly investigate the disputed item and its consequent failure to remove the disputed item from Plaintiff's credit report or to amend Plaintiff's Equifax credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

25. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Dagen J. Hudson, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendant for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Dagen J. Hudson, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Dagen J. Hudson

COMMONWEALTH OF KENTUCKY )
) SS
COUNTY OF JEFFERSON )

Subscribed, sworn to and acknowledged before me by Dagen J. Hudson this 1st day of August, 2017.

_____
Notary Public

Commission expires: November 10, 2018.

MATTHEW D. VANDERBURG
Notary Public
State at Large
Kentucky
My Commission Expires Nov. 10, 2018.